The next case for argument this morning is the Federal Trade Commission v. Hoskins and that is case number 24-5747. Okay. Can you raise it just a little bit more? You're pretty tall and it's going to go. Okay. Yeah. Did you break it? But I could try on my knees, but that would be a little hard, I think. But hopefully you can see and hear me. May it please the court. Matthew Hoffman, FTC. I'd like to reserve three minutes for rebuttal. The district court here relied on Nevada law to prevent the FTC from enforcing a judgment against Ms. Rogers, a monetary judgment. Those rulings are contrary to the plain language of the Federal Debt Collection Procedure Act and clear precedent from this court. The act provides a uniform set of procedures for the collection of debts owed to the United States government and the whole purpose of the act is so that federal agencies don't have to deal with a patchwork of state laws. It expressly preempts state law. Okay. So I'm with you, but to get there, we would have to agree that the writ here fell within the statutory language, particularly section 3002, subsection 3, defining debt. Correct. So we'd have to conclude that the order for disgorgement is a debt to the United States, right? And I think that as the Fifth Circuit held in National Business Consultants, the statutory language is very clear. It includes anything that is owing to the United States on account of any indebtedness to the United States. There's a whole list of things. So the Fifth Circuit decided that recently, but they also have a conflicting decision from earlier where they said that that is not the case. It's the 1993 decision. Let me find the site for you, but it seems that their case law is inconsistent. So that was SEC versus Huffman from 1993, and then you're referencing the National Business Consultants case from 2004. So I'm not familiar with the Huffman case. I don't think that's something that anyone has cited, but I think the Fifth Circuit law is very clear in the FTC context based on National Business Consultants, and the court reaffirmed that in the Sobranos case some years later, which dealt with a different exception, and it explained how National Business Consultants was different. And National Business Consultants. But then you have other circuit case laws as well. So you have Bongiorno from the First Circuit and Betty from the Second Circuit.  So those cases involved, as I recall, individual judgments that the government was assisting an individual to collect and were not judgments entered in favor directly of the United States. Is there any case that you're aware of in which the judgment like this one is entered in favor directly of the government but has been held not to be a debt within the meaning of the statute? No, there isn't. I'm aware of no such case, and you're exactly correct. In Bongiorno and in Betty, you had orders that said pay an individual, and Betty is very clear on this language. If you look at this, the court says, well, you know, the judgment says pay Inger's daughter. It doesn't say pay the United States. Well, here and in National Business Consultants, we have an order that says pay the United States, and it doesn't say anything else. Now, the government intends to use that money to the extent possible to compensate the victims of the scam. And if there's any left over, does it go to the United States Treasury? So that's a complicated question, which I think should not be addressed at this point. Certainly prior to AMG, when courts awarded money under Section 13B, the typical practice was that if there was money left over, it would be payable to the Treasury. This is a pre-AMG judgment, and this court held in the Hewitt case, which Judge Beatty, I believe you were on the panel for that one. That pre-AMG judgments remain valid. The judgment itself doesn't say. It says disgorgement for ill-gotten gains, which seems to imply that the money would go to the government, but it doesn't expressly say that. So I think it's a little unclear in this case whether in the event that we recover money and are unable to pay it out, whether it would go to the Treasury or not. That's really an issue for another day. The question here, I mean, I think the rule that we're advocating for. I think the difficulty is that the statute defines debts to the United States, and it seems that those all inert the benefit of the government, and here that is not the case. This disgorgement of these ill-gotten gains is to make the victims whole. I mean, it wasn't a fine. It wasn't restitution ordered in a criminal case. It wasn't a contract with the government. It wasn't any of these things that the government had an entitlement to this money. Sure, but there's nothing in the statute that expressly says the government has to have a pecuniary interest in the case, in the money. The statute says source of indebtedness to the United States, and in this case we have a judgment that says it's payable to the United States. It would be, you know, if we had a situation where money that's payable to the United States and not enforceable by anyone else, no one else has a specific right to this money, I think that would create a great deal of administrative difficulty, not just for the FTC, but for other agencies as well. And, you know, but leaving aside the administrative difficulty, I mean, I come back to I think the language is pretty clear. It says, and this is exactly what the Fifth Circuit said to national business consultants, we look at the text of the statute. The relevant text is clear and unambiguous. The terms of the judgment render repellent jointly and separately liable to the FTC, not to private individuals for the entire amount of the judgment. Therefore, the United States, not any group of individuals, is the formal owner of the judgment. None of those other cases that you mentioned, Betty and Bongiorno, involve the situation where the United States is the formal owner of the judgment. And that's related to the, in our view, that should be the dispositive question here. And, again, as I pointed out, in response to Judge Graper's question, no court has ever suggested, or at least we're not aware of any case, that a judgment payable to the United States is not a debt within the meaning of this statute. And therefore, so for that reason, we would ask that the court agree with the Fifth Circuit and national business consultants and hold that this is a debt. Are there more questions on this topic, or should I move on to the motion to quash? Go ahead.  Well, so, I mean, the first issue that we've been talking about goes to the question of whether the FDCPA applies. And if it does apply, I think it's very clear the statute of limitations is preempted under this court's decision in Gianelli. The second part of the order deals with quashing the writ of execution. And the court there, I think, erred for essentially the same reasons. It applied state law rather than the federal statute. And I think it also misapplied the state law. The statute provides a writ of execution for a levy by writ of execution on all property in which the judgment debtor has a substantial non-exempt interest. And that includes property held in trust. State law has a role to play here, but it's a very narrow one. State law defines the nature of the debtor's interest in a particular piece of property. And then the federal statute we look at to determine is that property. We never look at state procedures. So, for example, in the Harris case, the criminal restitution case, the court did exactly that. It looked at the nature of the trust interest under state law and said, okay, that qualifies as property for purposes of the federal statute. I think there's really no dispute here that Ms. Rogers and Mr. Hoskins have an interest under state law in the Corona Vista property. They are beneficiaries of the trust, which owns it through a series of shell entities. They live in the house. It was purchased with money from the sale of their prior property. So I think what the district court went wrong here was partly some confusion about what a trust is, confusion about Nevada law and the provisions that talk about co-owned properties. Can you address that? That's section 3010A. Can you address that? That refers to if it's co-owned by someone else, then you look at the state law. So, I mean, with that, that essentially is a way of protecting, you know, innocent co-owners who are not liable on the debt. And so to the extent those people would be subject to, would not be subject to execution under state law, the FDCPA is not going to make them. So as we point out in our reply brief, for example, under Nevada law, if you have community property, a spouse that share a community property is not liable for debts incurred prior to the marriage. So that would certainly apply here. And if we had a situation where we had an innocent co-owner of the property, that might come into play. Here we have a situation where both judgment debtors are both liable on the same judgment for amounts in excess of the property value. So that doesn't prevent the writ of execution. Based on the record, do we know who all the co-owners are? Is it clear from the record? Based on the record, we don't know if there are other beneficiaries other than Ms. Rogers and Mr. Hoskins. That's not information they've provided. They haven't suggested that. They do suggest in their reply brief that there may be other trustees, but there's no record evidence of that. The only references to them and trustees refer to the two of them as trustees. So those are issues that could be dealt with on remand if there's any question about that. I don't believe there is, but certainly if there are other parties that have an interest in the property, that's something that we could certainly deal with on remand and make sure that everyone's rights are protected. Again, our goal here is to do this by the book, make sure that everyone's rights are protected, but at the same time, safeguarding our interest in recovery of this judgment to protect consumers and the extent that there is. The United States has an interest in the judgment, which it may well. Again, we want to make sure that we protect that. I'm sorry to throw you off order of your argument here, but I'd like to circle back to AMG. So your argument that AMG doesn't apply is because the judgment was entered before AMG was decided. Is that what I understood you to say? That is correct. In this case, Ms. Rogers filed a motion under Rule 60B-6 to set aside the judgment based on AMG that was denied, and she didn't appeal that. Okay, so there's no attack on the judgment, right? She didn't appeal. Correct. The judgment is settled. So right now the question is the procedures that are available to collect on the judgment, right? Correct. So why would AMG not apply? The judgment stands. It's not being attacked, and no one's suggesting AMG is being used to undercut the judgment at this point. I mean, it's a collection issue. I mean, I don't think AMG is relevant to this case. AMG was about whether we can collect money under Section 13B. The Supreme Court said that we can't. Right. So, I mean, that takes us back to what is the commission doing when they're getting a judgment to disgorge money? So, I mean, if it's not for the benefit of the victims, I mean, I think what AMG is saying is the commission can't just get a judgment and then take the $130 million or whatever it is to the government. The commission can recover money for victims. I don't think that's what AMG said. AMG said that under 13B we can't get money at all, so it wasn't dealing with whether the money goes to consumers or to the government. So you have to go to Section 19. We do have Section 19. Right. And there was a Section 19 claim in this as well. I mean, typically, prior to AMG, many judgments would say that the money should be used for consumers and anything left over can be put in the – can be deposited to the treasury. Those judgments are still valid. Okay. So if you turn to Section 19, if that's your available vehicle here, it's an award for such relief as the court finds necessary to address injury to consumers or other persons, partnerships, corporations resulting from the rule violation or unfair or deceptive practice or act, as the case may be, including the refund of money or return of property. So that seems to be authorizing the government to get a judgment to obtain these funds for the benefit of the victims, not for the public fisc and to put it in the treasury. That is correct. My point is simply that to the extent that this judgment pre-AMG allowed for disgorgement to the government, that judgment has been affirmed. It's settled law, and it's not subject to challenge now. So it's a little unclear, as I've said, and I think that's an issue that would need to be decided, but it's not at all clear that this judgment doesn't require disgorgement in the event that we're unable to distribute the money. So would the logical extension of your argument be that because this judgment was entered pre-AMG that the government could bring an action against these defendants, recover a judgment, and then just put all of the money in the treasury? It doesn't have to be for the benefit of the victims. I think, as we've said in our reply brief, first of all, we wouldn't bring an action. We're simply trying to enforce an existing judgment, and whether that money could go to the treasury, I think that's unclear. It's not an issue we've addressed. Should we recover any money and be unable to distribute it, then that's an issue that we would need to address, and we might need to seek guidance from the district court in that question, but I don't think it's clear here at all. I don't think it matters, because at the end of the day, the money is payable to the United States, and as I've said, this is one of the benefits of it. I guess it does matter if there is a requirement that it inure to the benefit of the United States for it to be a debt. If that is a requirement, I understand you're suggesting it's not. Right. I mean, my reaction is if that were a requirement, Congress would have said that that was a requirement. It didn't. As the Fifth Circuit said, there's nothing in the statute that requires the government to be the exclusive beneficiary of the… Suppose I'm right, and maybe I'm not, but suppose there is a 1993 case in which the Fifth Circuit said the opposite, so they have conflicting case law within their circuit law, which is not binding on us in any event. What would we do with that? I would need to look at that case, and I'm happy to do that and submit a letter regarding that case. It's SEC versus Huffman, you said? It's Huffman. I can give you the site, but that's okay. I'm sure I can find it, and I'm happy to address it in a follow-up letter, but I can't address it now because I'm not familiar with it. I think, as I said, that the place that's clearly on point is national business consultants. That's dealing with the FTC. It's dealing with – it finds the language of the statute to be clear and unambiguous. I think that reasoning is correct, and I think this Court should follow it. I'll reserve – well, I've gone over my time, so I hope you'll give me some more time. Yes, I'll give you a couple of minutes. I took you over. Good morning, and may it please the Court. Caleb Kruckenberg on behalf of Leanne Rogers, the relief defendant in this case. This case is really about one question, and whether the FTC as an agency must follow state rules or the same rules for collecting judgment that has been obtained on behalf of another person as any other litigant. And the answer in the Federal Debt Collection Procedures Act is very clear. It's that the FTC for judgments that are not owing to the government must follow state procedures. And taking a step back just to settle this sort of factual scenario, this is a very simple –  The judgment names only the FTC, not individuals, the underlying judgment. So why isn't sort of at the beginning and the end entered in a judgment of 1.5 million plus change is entered in favor of the Federal Trade Commission and against Leanne Hoskins? The only entity to whom this debt is owed, the only entity that can enforce this is the FTC. So why does it matter to go beyond that and say, oh, well, it'll be used for purpose X or purpose Y or purpose C once it gets into the hands of the United States? Your Honor, the reason that we have a process that's different when it inures to the benefit of another. And that's what these other cases are talking about, like NLRB case, the Beatty case, et cetera. Yes, but the two that involve this statute, Beatty was back pay to one individual. Bongiorno was child support owed to one individual, and the government was kind of helping out. But the judgments in those cases were not solely judgments, as I understand it at least, in favor of the United States without any other person or entity named. Your Honor, it is correct that those original judgments named those other entities payable to the government. And in that case, they were back pay awards. My point is, even going back in time, even going back pre-AMG, in a world where the president allowed non-discouragement orders payable to the commission, which is what this original order says, the problem is, if we're relying on section 19, which is what the FTC is claiming they're doing now, they're saying we invoke section 19 in the original judgment. We intend, I believe that was page 19 of their brief, they intend to use this only for restitution. The problem there is that under this court's case in 1993, FTC versus Figge International, section 19 does not allow, quote, indirect redress payable to the commission. And I think this was a distinction that this court made a long time ago, is that when you're trying to get consumer injury awards, you have to follow normal process. And here, that's just the six-year statute of limitations for collection. And I think the problem here is, if we take the FTC's position, just because it was originally payable to the government only. And solely payable to the government. Solely, which we now know is unlawful. That was never authorized under section 13. The judgment itself is not before us. Correct, Your Honor. Okay, so we assume for purposes of this case that the judgment is valid in its current form. There's nothing in the judgment that requires that that money be paid to anyone else. Well, and that's the problem, Your Honor. Well, that's the problem, but that's what makes it a debt to the United States. Well, Your Honor, we disagree. And the reason we disagree is the only lawful collection action the FTC can take today, I know the FTC doesn't want to answer these questions, but they can't keep the money. That's what this court said in Figge. That's what AMG reaffirmed under section 13. Awards payable to the commission as punitive awards cannot, those are not lawfully authorized. And I believe AMG said a court may not, the commission may not seek and a court may not award. Okay, if, as you conceded a moment ago, the judgment must be deemed to be valid for our purposes, then it must be available to execute as any other judgment would be that looks like this judgment. And this judgment is in favor of the United States, so the United States can execute on it because it's a valid judgment. I don't understand why that doesn't follow. Let me clarify slightly what actually is at issue in this appeal. And it is the district court's July 2024 order at page six of the record precluding further enforcement against relief defendant Leanne Rogers. And the property we're talking about is a home that is owned by multiple beneficiaries of a trust. Ms. Rogers is identified as one of multiple beneficiaries, and we've never had a record about who are the additional beneficiaries. And what happened was the FTC attempted to seize this physical, this property, and sell it immediately at auction. That was the request and the rate of execution. And then divvy up the proceeds among the beneficiaries who had never been identified. So that is the process that the FTC attempted to use here to take this home pursuant to this judgment. So why wouldn't the answer be exactly as the FTC's counsel described it, which is to ask the district court to figure out if there are innocent co-owners or co-whatever, so that only the portion that your client owns would be subject to execution rather than none at all. And that's assuming the exception applies and trying to find out whether it does or not. And the federal rules of civil procedure have always recognized that in debt collection action, we follow the rule of the state in which the court is located. In this case, that's Nevada. And that's Federal Rule 69. But we have a case saying that the statute of limitations doesn't apply, correct? The Gianelli case was a limited exception from Rule 69's presumption for all litigants for certain debts owing to the government. That is the statutory frame. Now, we've argued there are two reasons that the FDCPA, the Federal Debt Collection Practice, this isn't a way out in this case. One is because it's not owing to the government. And that's the argument we've been discussing extensively. The other is another part of the FDCPA talks about co-owned property just like this, which is co-owned residential property. That's 3010A. And it says that we will follow the state procedures for co-owned property even under the FDCPA. I don't think the government is disagreeing with you if I understood their argument. I may not have understood it, but I understood them to say, sure, there's factual development to be had before the district court, but that doesn't mean the whole thing is no good. Well, and as the district court said, the statute of limitations basically bars it. So we're back to that. But if the statute of limitations doesn't apply, I don't think they're disagreeing with you that there may be some further fact-finding required. Well, Your Honor, the government, the FDC in this case, has to justify or they have to show that the district court erred in relying on Nevada state law. And in this case, there were two independent reasons the district court said this violated, this attempted collection violated Nevada state law. One was the substantive statute of limitations. Nevada has a specific six-year limitations period for executing on a judgment of the United States. Does that apply to the United States as a sovereign? Have they waived their sovereign immunity for that statute of limitations? Only with respect to the Federal Debt Collection Practices Act, which itself is very ambiguous about, excuse me, not even practices. It is the Procedures Act. And the statute we're talking about, the exception. Wait, where? Can you point out where in the statute the government waives its sovereign immunity over a state statute of limitations? Is that in 3010? Is that what you're suggesting? No, Your Honor. What we're saying is that the FDCPA is a limited exception to Rule 69's presumption, longstanding historical presumption. Right. But even if you're applying state law under Rule 69, you still have the issue of dealing with the sovereign and their immunity, unless they've waived it for that statute of limitations. Correct, Your Honor. And then we have additional issues about eerie choices and the substantive law to apply in the federal court. What is truly procedural? What is substantive? These are all questions that come up regularly with the debt collection practices when we're dealing with different states, because there's no question that a statute of limitations, barring an action, under normal eerie analysis, if a federal court is applying a substantive statute of limitations or not, when they are asked to follow state law, that is a problem. That is potentially unconstitutional. If we can go back to the co-owner provision, Section 3010, do you agree with FDC's counsel that it only applies to innocent co-owners, that is, if the other co-owner is a judgment debtor, that it wouldn't apply? Not at all, Your Honor. And that provision says – I mean, if we look at the provision, it says that for property that is co-owned, we follow the law of the state at issue. We know this property is co-owned. The FTC alleged that there were two beneficiaries of the Hambill Trust. The Hambill Trust is what owns the property. They allege that there are two, 25 percent or greater, beneficiaries, Ms. Rogers, Mr. Hoskins, and there may be additionals. As a matter of fact, there are. But it appears to me, at least from what I understand so far, that Mr. Hoskins is not an innocent party. The corporate entity of which your client is an alter ego is not an innocent party. And a trust containing their property because they are not innocent is also not an innocent party. Is there anyone else? Your Honor, the district court explicitly found those factual allegations were all untrue. And if I can just go back, the district court classified Ms. Rogers, my client, as a second-order relief defendant who had not been alleged to have done anything other than receive the benefit. Can I go back to my question? I know you don't concede that they are non-innocent parties, but I'd like you to assume that for answering my question. Are there other parties besides the husband, the corporate entity of which your client is alleged to be the alter ego, and the trust containing their property? Are there other entities or individuals who have a property interest? Yes. Okay. And the FTC acknowledged that. There has not been a record made of that because that was the FTC's allegation. You never got there because the district court said this was not a debt owed to the United States. And after motion practice and after adopting the magistrate court's report, the court issued its July order precluding further enforcement only against Ms. Rogers, not against Mr. Hoskins or the other beneficiaries of this estate. So those can be executed upon? If there is a valid judgment. And so there would be a very different question.  I thought there was no challenge to the judgment. I'm losing track here. And my point, Your Honor, is that that is a different issue for Mr. Hoskins or any of the other defendants. There are numerous defendants in this case. What we're dealing with is Ms. Rogers, who was the beneficiary of lawful income that she has been ordered to disgorge. In its effort to collect this 10 years after the fact, the FTC has violated the rules for how they have to go about trying to seize co-owned property. They have alleged in their application to the magistrate judge this property was co-owned. They said there are two. There is at least two, 25% beneficiaries. That's at page 70 of the record. So what we have is we have a facial request from the FTC that violates the language of the statute or that the provision in the 3010 that talks about, quote, co-owned property. And I think what the FTC is trying to get out of it is saying, well, maybe that's not the right procedure. Maybe there should have been different procedures and essentially quibbling with whether or not the district court— Well, if there's no time limit, they could presumably file a tidier writ of execution. If it is a debt to the United States and G&LE, if I'm pronouncing that right, says there's no statute of limitations problem, all of this can be dealt with. Your Honor, I don't think that's true because, first of all— Why not? And in this case, as we've argued again, the FDCPA must apply for G&LE's holding— I said, assuming—I know you don't agree with this. If this is a debt to the United States that is enforceable under this statute and there is no time limit, they could file a different writ of execution tomorrow. And then we still have the same problem with they didn't follow the procedures in 3010. And that's why the—that's the alternative holding. And the FTC has to get past both of those. They have to say the FDCPA does not justify us violating the statute of limitations, and it does not justify us disregarding the alter ego procedures that are required by due process to notify the other beneficiaries before we seize someone's home and sell it at auction. But why—I guess I don't understand why what Judge Graber is suggesting doesn't work in your view. If there's no statute of limitations and the judgment is not being challenged, could the FTCA just refile? Your Honor, there is a statute of limitations. Just assume there's not. Just assume there's not. That's the question. I mean, is this not something that they could either refile or on remand that could amend their pleading and deal with the requirements of Section 3010? Well, and why—and that's why we are here, and that's why I wanted to clarify. We are here asking this Court to affirm the district court's judgment at page 6 of the record. Which says it's not a debt to the United States, so we're back to that as being basically your argument. And if we disagree with that, it seems like the rest sort of follows from that. No, Your Honor, because there's also the 2810 exception. Those are two independent reasons, because we have different provisions requiring the state law to be in play. And so, one, our argument is this is not a debt owing to the United States. Therefore, Gianelli's conclusion about statute of limitations does not apply. We've already—we also argued there are additional constitutional problems that come up with that kind of conclusion if this Court goes down that road. The other, though, is that even under 3010, even if we assume Gianelli applies, the statute of limitations does not bar this action, then we have the second problem about the failure to follow the procedural requirements required for establishing the ownership of the trust. And you think that is something that could not be cured on remand or by a subsequent filing. Apparently, that's what you think. So can you explain why? That's, I think, what I was trying to get at before. Because the—those—essentially, that ship has sailed. And I think the problem—there is a different—there is a different potential argument about if the FTC attempted to attach future property and they prevailed on the statute of limitations argument, there is a potential argument that they could have complied with state procedures under 3010. I'm just saying these are independent reasons that this Court can affirm the judgment below precluding enforcement against Miss Rogers. We've taken you over time. My colleagues have any additional questions? Okay. Thank you very much. Thank you, Your Honor. So I'd like to address first the meaning of debt and then the co-owned property issue and hopefully briefly. On the question of debt, there is nothing in the statute that suggests that a court needs to look at the purposes for which a debt will be used. The question is, is the money owing to the United States and is it here? I don't think this Court should read in a new requirement that Congress didn't prescribe. That would also be a very difficult standard to administer. For example, in this case, although we intend to use the money to pay consumers as to the extent possible, money is also used to administer the refund process. It's used to provide notice, things like that. That doesn't go to consumers, although arguably, you know. So it's a complicated question. It's something that would affect a lot of different agencies that are engaged in law enforcement activities similar to those the FTC does. So I would urge this Court to follow the correct holding of the Fifth Circuit in National Business Consultants on that question. On the question of co-owned property, I think that, you know, to the extent there are issues here as to whether there are other people who have an interest in this property, that's something that can be addressed on remand. I think that Mr. Rogers' counsel has been a little coy about this. He says there are other trustees and other beneficiaries. To the extent there are other beneficiaries, Ms. Rogers and Mr. Hoskins are trustees, so presumably they would have a duty to notify the other beneficiaries and protect their interests. That's why we do these things. I want to briefly mention just, you know, the nature of a trust under Nevada law. You know, and it's really – and this is a case that actually Ms. Rogers cites and we didn't, but it's Wishingrad v. Carrington Mortgage Services, 529P3880. And what that case makes clear is that a trust is really a fiduciary relationship between the settlor, the trustees, and the beneficiaries. It's not a distinct legal entity. So if we provided notice to the trustees, then that's sufficient. But, again, to the extent there's any issue like that, it can be addressed on remand. And if there's a defect in this writ of execution, we can absolutely go and seek another writ of execution and correct any such defect. The key question here really is, is this a debt such that the statute applies? And we believe it is. For that reason, we'd ask that the judgment be reversed. Thank you for your time. Can I ask you one more question? I'm sorry. You may. Is it the government's position that going forward, so you argued that this judgment isn't being attacked, so A&G doesn't apply, this is something separate, an enforcement action or a collection action. So do you think the FTC now could seek this sort of judgment for disgorgement of ill-gotten gains under Section 13B or under Section 19? We couldn't seek any monetary relief under Section 13B. We could seek monetary relief under Section 19B for certain types of violations, including violations of consumer protection regulations. Our position is that, you know, that money needs to go to consumers, although we would also be entitled, of course, to assess costs, which was an issue in national business consultants, and so costs would go to the government. So how would a judgment in one of those cases work? Would it be to the United States, or would it be a judgment to particular individuals under Section 19? The judgment would say, pay to the United States. Typically, the judgments say, we have a form judgment that courts typically use. This was an older case, so I don't know how this judgment came to be written. But typically, it says it will pay this to be used for equitable monetary relief, as well as for administration of expenses, administration notice, things like that. And they'll often say, if there's money left over, then we come back to the court and figure out what to do with that money. It may require returning the money. That's how these judgments usually work now, but of course, that's in the post-AMG world. Can I clarify, following on Judge Beatty's question, I take it that the current form of judgment still is payable to the FTC with some elaboration afterwards, or is it? Correct. It's payable to the FTC, not to any individual person. And indeed, how the money is distributed, the FTC has a great deal of discretion in doing that. Sometimes it depends on how much money we get, and sometimes it may be that only people who have lost more than a certain amount will be able to reimburse. I mean, we reimburse as much as we can, but there's quite a lot of flex in sort of how that works. I was more trying to figure out the form of the judgment. It still lists the only entity entitled to the payment as the FTC. Yes, the only entity entitled to payment is the FTC, and no individual person is entitled to enforce that judgment. And as we've said, we think that's what matters for purposes of the FDCPA, this FDCPA, and that's the rule the court should adopt here. Are there further questions? No. No, thank you very much. Okay, thank you so much. This case is submitted. Counsel, thank you both for your arguments this morning, and Mr. Hoffman, thank you for being here during the shutdown. We are adjourned until tomorrow morning.
judges: GRABER, BADE, LEE